**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

PFM AIR, INC., et al.,
    Plaintiffs,

v.                                                                              CASE NO:  8:08-CV-392-T-17MAP

DR. ING. HC. F. PORSCHE A.G., et al.,
    Defendants.
_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION**

This cause is before the Court on the report and recommendation (R&R) issued by Magistrate Judge Mark A. Pizzo on August 4, 2010 (Doc. 158).  The Magistrate Judge recommended that the Court deny the motions to dismiss for lack of personal jurisdiction  (Doc. 146).

Pursuant to Rule 6.02, Rules of the United States District Court for the Middle District of Florida, the parties had fourteen (14) days after service to file written objections to the proposed findings and recommendations, or be barred from attacking the factual findings on appeal. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982) (en banc).  The defendant filed an objection to the report and recommendation (Doc. 162) and the plaintiff responded thereto (Doc. 166).

**STANDARD OF REVIEW**

Upon a timely and specific objection to a finding of fact in the **report** and **recommendation**, the district court should review both factual and legal findings in the report and recommendation *de novo*. 28 U.S.C. § 636(b)(1); *U.S. v. Raddatz*, 447 U.S. 667, 673 (1980); *Jeffrey S. v. State Board of Education of State of Georgia*, 896 F.2d 507 (11th Cir. 1990).  After such review, the judge may accept, reject, or modify, in whole or in part, the magistrate judge's

findings or recommendations. *Id*. Additionally, the judge may receive further evidence or recommit the matter to the magistrate judge with instructions. *Id*. However, when no timely and specific objections are filed, case law indicates that the court should review the finding using a clearly erroneous standard. *Gropp v. United Airlines, Inc*., 817 F. Supp. 1558, 1562 (M.D. Fla 1993).

Because Defendant, Dr. Ing. hc. F. Porsche A.G. ("PAG"), timely filed its written objection to the Magistrate's R&R, this Court shall conduct a review of its motion to dismiss and analyze both factual and legal findings by the Magistrate *de novo*. However, since Defendant, Gary Butcher, did not timely file a written objection, his motion to dismiss shall be reviewed under the clearly erroneous standard.

## BACKGROUND

A factual account of this mater is detailed in this Court's previous orders ruling on several matters, including denying Defendant Gary Butcher's motion to dismiss for lack of personal jurisdiction (Docs. 46, 66). The facts discussed there are incorporated herein by reference. Accordingly, only a brief synopsis of the immediate dispute is needed here.

Defendant PAG is a corporation organized under the laws of Germany with its principal place of business in Stuttgart, Germany. PAG is the parent company of Defendants Porsche Cars North America, Inc. ("PCNA") and Porsche Aviation Products, Inc. ("PAPI"). PCNA and PAPI are both corporations organized under the laws of Delaware with their principal places of business located in Atlanta, Georgia. Defendants PCNA and PAPI are subsidiaries of Defendant PAG.

Defendant PAG moves to dismiss for lack of personal jurisdiction. The Complaint alleges that Defendant PAG committed intentional tortious acts causing harm in Florida, through

its subsidiary companies. Defendant PAG argues that it maintains no contacts in Florida. This Court referred this matter to the Magistrate Judge for further discovery of the factual issues, in order to determine whether Defendant PAG exerted sufficient control over Defendants PCNA, PAPI, and Gary Butcher, such that it is appropriate for this Court to exercise personal jurisdiction over PAG, in Florida.

## DISCUSSION

### I. Gary Butcher

This Court previously denied Defendant Gary Butcher's motion to dismiss for lack of personal jurisdiction (Doc 46). The Court has reviewed the R&R and concurs with the instant report that Defendant Butcher's motion to dismiss does not require revisitation.

### II. PAG

The Defendant PAG's objection to the R&R is primarily based on certain "undisputed facts", regarding PAG's lack of contact with the state of Florida (Doc. 162). However, as previously stated by this Court, the threshold issue in this matter is whether Defendant PAG exerted sufficient control over Defendants PCNA, PAPI, and Gary Butcher, such that it is appropriate for this court to exercise personal jurisdiction over PAG, in Florida (Doc. 66). PCNA, PAPI, and Butcher all were found to operate in Florida (Doc. 46, 66).

The Magistrate's analysis illustrates that PAG had control over PAPI and Gary Butcher. Jurisdiction may be established under an agency theory if the plaintiff establishes "'the subsidiary is merely an agent through which the parent company conducts business in a particular jurisdiction…'" *Meier ex rel. Meier v. Sun Internat'l Hotels, Ltd.*, 288 F.3d 1264, 1272 (11th Cir. 2002) (quoting Charles Alan Wright & Arthur Miller Federal Practice and Procedure § 1069.4 (3d ed. 2002)). The report establishes that PAG's control was sufficient to

ascertain PAPI and Gary Butcher were agents of PAG. This Court has reviewed the R&R and agrees with the Magistrate's determination.

PAG's central objection to the R&R is based on a lack of specific personal jurisdiction (Doc. 162). PAG erroneously asserts that the Mod Works conversion program is the only contact that subjects PAG to personal jurisdiction. The Mod Works program merely illustrates that PAG had control over PCNA, PAPI, and Gary Butcher. It has been undisputed that Florida has personal jurisdiction over PCNA and PAPI.

Under general personal jurisdiction, the exercise of jurisdiction is proper where the defendant has "continuous and systematic" general business contacts with the forum state, even if those contacts are not related to the cause of action. *Helicopteros Nacionales de Colombia, S.A.*, 466 U.S. at 415-16. "[T]hese contacts must be so substantial and of such a nature as to justify suit against [the defendant] on causes of action arising from dealings entirely different from those activities.'" *Hockerson-Halberstadt, Inc.*, 62 Fed. Appx. at 337. PAG, itself, asserted that PCNA marketed, sold, and serviced PFM Engines in the United States (Doc. 40), which includes the state of Florida. This Court has determined through evidence and testimony that PCNA has sufficient "continuous and systematic" contacts with Florida for general personal jurisdiction.

Alternatively, PCNA, was served in the state of Florida (Doc. 8), consequently giving Florida general personal jurisdiction over PCNA, alleviating any need for a minimum contacts analysis. "[T]he court may extend jurisdiction to any foreign corporation where the affiliated domestic corporation manifests no separate corporate interests of its own and functions solely to achieve the purpose of the dominant corporation." *Meier ex rel. Meier*,

288 F.3d 1264, 1273. A subsidiary's activity can then be imputed to the non-resident corporation. *Id.* at 1275. Similarly, an "agent's" activities may be used as the basis to assert general jurisdiction over its principal. *Stubbs v. Wyndham Nassau Resort & Crystal Palace Casino*, 447 F.3d 1357, 1362 (11th Cir. Fla. 2006). Since this Court has general personal jurisdiction over PCNA and PCNA has been found to be an agent of PAG, this Court finds it appropriate to exercise general personal jurisdiction over PAG, in Florida.

**III. Interlocutory Appeal**

PAG requests this Court certify this matter for interlocutory appeal under 28 U.S.C. § 1292(b). Certification of a matter for interlocutory appeal is based upon three criteria: (1) whether the interlocutory order involves a controlling question of law; (2) upon which there is grounds for a substantial difference of opinion; and (3) an immediate appeal will materially advance the ultimate termination of the litigation. *McFarlin v. Conseco Servs.*, 381 F.3d 1251, 1256 (11th Cir. Ala. 2004). This request is denied for the following reasons.

"The term 'question of law' does not mean the application of settled law to fact." *Id.* at 1258. "It does not mean any question the decision of which requires rooting through the record in search of the facts or of genuine issues of fact." *Id.* The statute is to be used to deal with abstract legal issues or issues of "pure" law. *Id.* Here, PAG objects to how the Court found personal jurisdiction over it, which included a highly intensive evaluation of the facts. Therefore, there is no question of law for the court of appeals to rule on. Additionally, since there is no question of "pure" law, then there cannot be a "substantial difference of opinion" over that law.

Finally, whether the appeal will materially advance the termination of the litigation means that if the legal question were resolved then a trial would be avoided or the litigation

would be substantially shortened. *Id*. at 1259. In this case the litigation will continue whether or not Florida can exercise personal jurisdiction over PAG because Florida **does** have personal jurisdiction over PCNA, PAPI, and Gary Butcher. If this Court were to certify this matter for interlocutory appeal a trial would not be avoided and litigation would be substantially lengthened.

**IV. Conclusion**

The Court has reviewed the report and recommendation and made an independent review of the record. Upon due consideration, the Court concurs with the report and recommendation. Accordingly, it is:

**ORDERED** that the report and recommendation, August 4, 2010 (Doc. 158) be **adopted** and **incorporated by reference**; the objections are **overruled**; the Motions to Dismiss for Lack of Personal Jurisdiction (Doc. 146) are **DENIED**; the request for certification for interlocutory appeal (Doc. 162) is **DENIED**; and the defendants who have not filed answers to the complaint have ten days to file an answer.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida this 7th day of October, 2010.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.